Peelle, J.,
delivered the opinion of the court:
This action is prosecuted under the Indian Depredation Act of March 3, 1891 (26 Stat. L., 851).
The preliminary question now presented arises on the defendants’ motion to dismiss the claimant’s request for priority of consideration and judgment under the last paragraph of section 4 of the act, which reads:
“Provided, That all unpaid claims which have heretofore been examined, approved, and allowed by the Secretary of the Interior, or under his direction, in pursuance of the act of Congress making appropriations for the current and contingent expenses of the Indian Department, and .for fulfilling treaty stipulations with various Indian tribes, for tlie year ending June thirtieth, eighteen hundred and eighty-six, and for other purposes, approved March third, eighteen hundred and eighty-five, and subsequent Indian appropriation acts, shall have priority of consideration by such court, and judgments for the amounts therein found due shall be rendered, unless either the claimant or the United States shall elect to reopen the case and try the same before the court, in which event the testimony in the case given by the witnesses and the documentary evidence, including reports of Department agents therein, may be read as depositions and proofs: Provided, That the party electing to reopen the case shall assume the burden of proof.”
The claimant’s request was filed October 7, 1891, in these words:
“Whereas a claim, No. 574, for payment for losses by Indian *408 depredations, amounting to $2,129.50, was heretofore filed in the Department of the Interior by—
‘‘And whereas said claim has heretofore been examined, approved, and allowed by the Secretary of the Interior, or under his direction, in the sum of $1,929.50 iu pursuance of the act of Congress making appropriations for the current and contingent expenses of the Indian Department and for fulfilling treaty'stipulations with various Indian tribes, for the 3rear' ending June thirtieth, eighteen hundred and eighty-six, and for other purposes, approved March third, eighteen hundred and eighty-five, and subsequent Indian appropriation acts, and reported to Congress by House of Representatives Executive Document No. 103, 50th Congress, 2d session;
“ And whereas it is provided by the act approved March third, eighteen hundred and ninety-one, entitled “An act to provide for the adjudication and payment of claims arising from Indian depredations,” that claims examined, approved, and allowed as aforesaid shall have priority of consideration, and judgments for the amounts therein found due shall be rendered unless either the claimant or the United States shall, elect to reopen the case and try the same before the court:
“Now, therefore, the above-named claimant having duly considered the foregoing premises does not elect to reopen the case and try the same before the court, but asks that judgment for the amount heretofore found due, to wit, $1,929.50, shall be rendered.
“ But, in case the United States shall elect to reopen the case, this claimant reserves the right to claim a larger sum than heretofore allowed.
The defendants’ motion was filed October 14,1895, in these words:
“Now comes the Assistant Attorney-G-eneral and moves to dismiss the claimant’s request for judgment in the amount allowed by the Secretary of the Interior, for the reason that no amount has ever been so allowed in this case by the Secretary of the Interior, or recommended by him for allowance.”
The issue thus presented necessitates an examination of the record, as the claimant’s request does not set forth correctly the action of the Secretary of the Interior in respect to the claim.
The claim was filed April 29, 1868, and the facts disclosed by the record and correctly set forth in the claimant’s brief are these:
The claim was investigated by the Commissioner of Indian Affairs, 'and on January 20,1872, allowed in the sum of $1,558, *409 which allowance was approved by the Secretary of the Interior on the 25th of January, 1872, and reported the same to Congress for payment, No. 574, House Ex. Doc. No. 125, first session Forty-first Congress, page 40.
The claim was returned to the Commissioner of Indian Affairs tor reexamination and report under the Act March 3, 1885 (23 Stat. L., 376).
Afterwards the claim was investigated by a special agent of the Indian Department who reported that the claimant was a citizen of the United States, that he had suffered the loss of his property by the Cheyenne Indians, and recommended that the claimant be allowed the sum of $1,353.50 as a fair valuation of the property so lost.
The Commissioner of Indian Affairs, in his report to the Secretary of the Interior, rejected the recommendation of the special agent as to the amount recommended, and on examination of the evidence in the case recommended to the Secretary that the sum of $1,929.50 be allowed. The Indians committing the depredation were in treaty relations with the United States by treaty dated February 18, 1861 (12 Stat. L., 1163), and the second article thereof was pointed out by the Commissioner as the one creating liability to pay for said depredation.
In response to the report of the Commissioner of Indian Affairs, the Secretary of the Interior said:
“ Department op the Interior,
“ Washington, April 27,1888.
“The COMMISSIONER OP INDIAN APPAIRS.
“ SIR: Your report of the 27th instant, submitting the claim of Henry Hegwer, of Ellsworth Co., Kansas, amounting to $2,129.50, for compensation for depredations alleged to have been co'mmitted in 1867 by Cheyenne Indians, has been considered, and your finding that claimant lost property as alleged in quantity and character as stated, except that one bay horse charged at $200 was recovered, is concurred in.
“ The special agent who investigated the case recommends allowance of $1,351.50 as the fair value of the property lost, but you hold that the proof fairly sustains the prices charged by the claimant, and the account is therefore stated by you at $1,929.50.
“ In view of the conflicting character of the proof as to values, the question as to the amount of loss sustained is submitted for the determination of Congress.
*410 “The claim is hereby returned to be included by you in the list of depredations claims, to be submitted to Congress as required by law.
“ Very respectfully,
“ Wm. F. Vilas, Secretary.”
The only question presented, therefore, is as to whether the action of the Secretary of the Interior makes the claim an allowed one within the meaning of the Act of March 3, 1891, section 4, (supra).
It will be noted that the allowance of $1,558 by the Secretary of the Interior, on the 25th of January, 1872, was under and by virtue of the Act June 30, 1834, section 17 (4 Stat. L., 731), that being the only act then in force on the subject.
The act of 1872 (17 Stat. L., 190) was not passed until May 29, 1872.
The Appropriation Act of March 3, 1885 (supra) provided:
“ For the investigation of certain Indian depredation claims, ten thousand dollars; and in expending said sum the Secretary of the Interior shall cause a complete list of all claims heretofore filed in the Interior Department, and which have been approved in whole or in part and now remain unpaid, and also all such claims as are pending but not yet examined on behalf of citizens of the United States on account of depredations committed, chargeable against any tribe of Indians by reason of any treaty between such tribe and the United States, including the name and address of the claimants, the date of the alleged depredations, by what tribe committed, the date of examination and approval, with a reference to the date and clause of the treaty creating the obligation for payment, to be made and presented to Congress at its next regular session; and the Secretary is authorized and empowered, before making such report, to cause such additional investigation to be made and such further testimony to be taken as he may deem necessary to enable him to determine the kind and value of all property damaged or destroyed by reason of the depredations aforesaid, and by what tribe such depredations were committed; and his report shall include his determination upon such claim, with the names and residences of witnesses and the testimony of each, and also what funds are now existing or to be derived by reason of treaty or other obligation out of which the same should be paid.”
The claimant contends that the investigation and allowance by the Commissioner of Indian Affairs subsequent to the act of 1885, and the action of the Secretary of the Interior in sub *411 mitting the question as to amount of loss sustained to Congress, as set forth, was an allowance of the claim within the meaning of the act of 1885, and therefore a claim entitled to priority of consideration and judgment under section 4, act of 1891 (supra).
The defendants controvert this contention and say that there must have been an allowance in fact by the Secretary to entitle a claim to priority of consideration and judgment; that is, he must state the sum he allows or recommends for payment.
There had been a number of claims examined and allowed by the Secretary of the Interior prior to the passage of the act of 1885 (supra), but for some reason Congress was not satisfied with the allowances thus made, hence the Act of March 3, 1885 (supra), by which the Secretary of the Interior was, among other things, authorized to “ cause a complete list of all unpaid claims heretofore filed in the Interior Department and which have been approved in whole or in part and now remain unpaid * * * to be made and presented to Congress at its next regular session; and the Secretary is authorized and empowered, before making such report, to cause such additional investigation to be made, and such further testimony to be taken as he may deem necessary to enable him to determine the kind and value of all property damaged or destroyed by reason of the depredations aforesaid and by what tribe such depredations were committed, and his report shall include his determination upon each claim,” etc.
The act authorized him to “ cause such additional investiga, tion to be made and such further testimony to be taken,” to “enable him to determine the kind and value of all property damaged or destroyed by reason of the depredation.”
This he does not appear to have done, for he states in his letter to the Commissioner of Indian Affairs that “in view of the conflicting character of the proof as to values, the question as to the amount of loss sustained is submitted for the determination of Congress;” and in the same letter he sets forth that the special agent had recommended an allowance of §1,351.50, and the Commissioner $1,929.50, so that from the language used it can not be determined that the Secretary allowed the one sum more than the other.
“That claimant lost property as alleged in quantity and character as stated, except as to one bay horse,” was concurred in *412 by the Secretary, but the different sums recommended were for the same quantity and character of property, so that the language used will apply equally to both sums.
The purpose of the act of 1885, in respect to the damages sustained, evidently was that the Secretary of the Interior should “ cause such additional investigation to be made and such further testimony to be taken,” as would enable him to determine, for the information of Congress, the value of the property damaged or destroyed.. His judgment and determination in this respect, and not one of his subordinates, was what Congress sought by the act.
When we come to the Act of March 3, 1891 (supra), which in effect incorporates the act of 1885, we find this language: “That all unpaid claims which have heretofore been examined, approved, and allowed by the Secretary of the Interior, or under his direction, in pursuance of the act ” of 1885, “ shall have priority of consideration by such court, and judgments for the amounts therein found due shall be rendered.”
But two amounts, widely different, were submitted to Congress. The claimant has indicated his willingness to accept the larger sum, while the defendants might be willing to let judgment go for the smaller-to avoid further litigation.
Had the Secretary of the Interior approved and allowed either sum reported to him by the Commissioner subsequent to the act of 1885, it would, if otherwise in conformity to law, have become an allowed claim under the act of 1891.
But the Secretary of the Interior did no act indicating his approval of either sum recommended for payment. On the contrary, “the question as to the amount of loss sustained” was “submitted for the determination of Congress,” and Congress by the act of 1891 has committed that question to this court, so that it must be held that the claim is not one which has “heretofore been examined, approved, and allowed by the Secretary of the Interior or under his direction” within the meaning of the act of 1885 entitling it to priority of consideration and judgment within the meaning of section 4, act of 1891.
Whether the allowance of the claim by the Secretary of the Interior on the 25th of January, 1872, in the sum of $1,558 brings the case within the meaning of the second subdivision of section 1, act of 1891, as an allowed claim, or what effect the investigation of the claim under the act of 1885 may have *413 on suck previous allowance, we need not now decide, for if an allowed claim within the meaning of the subdivision stated, it would not thereby be entitled to priority of consideration and judgment within the meaning of section 4, act of 1891, as this section clearly applies only to claims which have been examined and approved under the act of 1885.
For the reasons stated, the defendants’ motion to dismiss is sustained.